**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John DOE, Defendant–Appellee,**

v.

**Jerry Capeci, Gang Land News, Appellants.***

No. 15–331.

United States Court of Appeals, Second Circuit.

Jan. 7, 2016.

* The Clerk of Court is respectfully requested to

Richard H. Dolan, Schlam Stone & Dolan LLP, New York, NY, for Appellants.

Daniel Habib, Federal Defenders of New York, Inc., New York, NY, for Defendant–Appellee John Doe, for Appellee.

PRESENT: Ralph K. Winter, Richard C. Wesley, and Christopher F. Droney, Circuit Judges.

## SUMMARY ORDER

Intervenors–Appellants Jerry Capeci and Gang Land News (collectively, "Intervenors") appeal the order of the United States District Court for the Southern District of New York denying Intervenors' motion to unseal a pending criminal case against Defendant–Appellee John Doe, an FBI cooperative witness in several organized crime prosecutions. This Court has jurisdiction under the collateral order doctrine "because an order of closure 'is a final decision as to an intervenor.'" *United States v. Haller*, 837 F.2d 84, 86 (2d Cir. 1988) (citation omitted). This Court examines the District Court's factual findings for clear error, its legal determinations *de novo*, and its ultimate decision to deny an unsealing motion for abuse of discretion. *See United States v. Doe*, 63 F.3d 121, 125 (2d Cir.1995). Given that the District Court's discretion is here cabined by constitutional interests, however, this Court's abuse of discretion review "is more rigorous" than it would be the typical case. *Id.* (citations and internal quotation mark omitted).

amend the caption as set forth above.

The District Court's January 23, 2015 denial of Intervenors' December 30, 2015 motion incorporates by reference the reasons "previously provided" in the court's comprehensive August 7, 2014 analysis denying an earlier motion to unseal. App'x 50. The District Court here carefully and comprehensively considered the record in light of this Court's four-factor framework under *United States v. Doe,* 63 F.3d 121 (2d Cir.1995), and the District Court operated within its proper discretion in crafting and maintaining the sealing order.

We have considered all of Intervenors' remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the order of the District Court is **AFFIRMED.**[1]

---

1. The District Court shall calendar this matter on a rotating 90–day basis in order to determine whether modification of its sealing order is appropriate under governing principles.